FRED M. YORK, A. B. WHITMAN, L. D. PANKEY, W. G. McLEOD and H. B. PATTISHALL, as and constituting the Florida State Board of Dental Examiners, v. OSCAR G. PRIDGEN.

193 So. 433
Division B
Opinion Filed January 23, 1940

*Walter F. Rogers* and *W. B. Dickenson, Jr.,* and *W. B. Dickenson,* for Plaintiffs in Error;

*W. H. Harwick* and *James H. Bunch,* for Defendant in Error.

PER CURIAM.—On February 23, 1938, Oscar Pridgen filed his petition in the Circuit Court of Duval County, Florida, against the State Board of Dental Examiners, alleging that in June, 1890, he made application to the Board for a certificate to practice dentistry and was examined by the Board and found qualified to practice and was granted a certificate to practice, as required by the laws of Florida. The license is, viz.:

"LICENSE TO PRACTICE DENTISTRY
"Replica of Great Seal of Florida

"WHEREAS Oscar G. Pridgen has made application to the undersigned duly appointed Board of Dental Examiners of the State of Florida for a license to practice dentistry and has undergone a satisfactory examination; to practice dentistry in the State of Florida.

"WE HEREBY CERTIFY, that he is from this date licensed

"In Witness Whereof, we have hereunto set our hands this 2nd day of June, A. D. 1890."

The petition further alleged that the certificate was destroyed by fire at Thomasville, Georgia, during the month of May, 1897, and the prayer thereof was for a judgment or decree re-establishing the lost certificate in the place and stead of the said certificate lost or destroyed by fire.

An answer was filed on the part of the respondents below to the petition and cross relief was prayed for in the form of an injunction restraining the petitioner from the further practice of dentistry in the State of Florida.

Testimony was taken before an examiner and on final hearing the lower court entered a final decree or judgment reestablishing the lost certificate. The evidence has been fully considered by this Court, and the testimony of the petitioner, his wife, Mrs. Victoria J. Pridgen, and the witness, Thomas M. Pilcher, clearly establishes the material allegations of the petition.

The evidence adduced fully supports the decree or judgment appealed from. The petitioner below was fortunate in being able to produce Mr. Pilcher as a witness after some 47 years, who gave testimony to having seen the certificate shortly after it issued and that it was kept in a roll among the instruments used by the petitioner in the practice of his profession. It is reasonable to assume that many of the older attorneys now practicing in the courts of Florida, if called upon, would experience serious difficulty in producing their certificates of admission to the bar, and what is true of attorneys, is likewise true as to other professional men.

We fail to find error in the record. The judgment appealed from is hereby affirmed.

Whitfield, P. J., and Brown and Chapman, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.